UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>GEORGE SIMONE BRANCH,<br>　　　　Defendant/Movant. | Case No. 12-cr-00535-PJH-1<br><br>**ORDER TO SHOW CAUSE**<br>Re: Dkt. No. 143 |

Before the court is the amended motion, filed by counsel for defendant George Simone Branch, for an order under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence on the ground that his sentence has been rendered invalid by the Supreme Court's holding in *United States v. Davis*, 139 S. Ct. 2319 (2019), that the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague.  Specifically, Branch claims that his conviction and sentence on Count 3, for carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a crime of violence and a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(I), is illegal because it is based on a predicate offense of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a), which no longer qualifies as a crime of violence as defined by the residual clause of § 924(c)(3)(B) invalidated by *Davis.*  Branch further contends that conspiracy to commit Hobbs Act robbery does not qualify as a crime of violence as defined under the elements clause of § 924(c)(3)(A).  *See United States v. Dominguez*, 954 F.3d 1251, 1262 (9th Cir. 2020) (declining to reach whether conspiracy to commit Hobbs Act robbery is a crime of violence under 18 U.S.C. § 924(c)(1)(A)); *United States v. Mendez*, 992 F.2d

1488, 1491 (9th Cir. 1993) (holding that conspiracy to commit Hobbs Act robbery qualified as a crime of violence under the now-invalidated residual clause of § 924(c)(3)(B) and declining to address the elements clause of § 924(c)(3)(A)).  This *Davis* claim appears colorable under 28 U.S.C. § 2255 and merits an answer from the government.

The following briefing deadlines will apply, unless the parties submit a stipulation and order for a different briefing schedule: (1) within 35 days of the date of this order, the government shall file an opposition conforming in all respects to Rule 5 of the Rules Governing Section 2255 Proceedings, showing cause why the court should not "vacate, set aside or correct the sentence" being served by Branch; (2) counsel for Branch shall file a reply brief 28 days after the opposition is filed.  Thereafter, the matter will be deemed submitted on the papers, unless the court orders otherwise.

**IT IS SO ORDERED.**

Dated:  August 6, 2020

      /s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge